UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:03CV-112-R

RAWLIE GREER and
DONNA GREER                                                                                       PLAINTIFFS

v.

SCOTT JENSEN and
TAMARAH JENSEN                                                                                 DEFENDANTS

## MEMORANDUM OPINION

Defendants have moved for summary judgment (Dkt. # 22). Plaintiffs responded (Dkt. # 28), Defendants replied (Dkt. # 59) and this matter is now ripe for decision. For the reasons given below, Defendants' motion for summary judgment is **DENIED**.

## BACKGROUND

This case arises out of a failed real estate transaction between Plaintiffs Rawlie and Donna Greer (the "Greers") and Defendants Scott and Tamarah Jensen (the "Jensens") in late 2002 and early 2003. The Greers and the Jensens entered into a contract, entitled the "Real Estate Purchase Offer/Contract," by which the Jensens agreed, pursuant to a number of conditions, to purchase the Greers' home for $137,000.00. The Jensens did not purchase the Greers' home, and the Greers filed suit in Logan Circuit Court seeking specific performance of the Contract. The case was removed to this Court, and thereafter the Greers amended their complaint to reflect the fact that they had sold their house to a third party and were now seeking only damages in the amount of $14,500.00, the difference between the Contract price and the price for which they ultimately sold their house.

1

**STANDARD**

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of the evidence. To support his position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General*

*Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## ANALYSIS

Defendants argue for summary judgment in this case on two bases: first, they argue that the Jensens were not required to perform under the Contract; second, they argue in the alternative that the Greers failed to mitigate their damages as required by law.

### *Duty to Purchase*

The Jensens argue that, because several conditions precedent contained in the Contract were not met, they were released from their obligations thereunder to purchase the Greers' home. The Greers concede that, under the terms of the Contract as the parties originally signed it, the closing on their home was to take place on or before April 16, 2003. The Greers do not dispute the content of the provisions in question, but they argue that the Contract was modified by the parties and that, under the Contract's modified terms, the Jensens were obligated to purchase the house. The Jensens argue that there was never an effective modification of the Contract, and thus that it was enforceable only by its terms. Specifically, the Greers argue that the parties agreed verbally to extend the contract, and that Mr. Greer's follow-up letter to the Jensens "memorialized" the agreement. The Jensens respond that they did not agree to the modification, and that they responded in writing with a denial of the Greers' request to extend the Contract.[1]

In Kentucky, the statute of frauds requires that contracts for the sale of real estate be in

---

[1] Apparently because of a clerical error, the Jensens' letter was not made an exhibit to their Reply. Nevertheless, the Court will assume that the contents of that letter are substantially as they are represented in the Reply Memorandum. The letter would only be relevant if it in fact *agreed* to the extension, which the Court assumes it does not because such a misrepresentation of the letter's content would implicate Rule 11 and possibly subject the Jensens or their attorneys to sanctions.

writing and signed. KRS § 371.010. Further, the Kentucky Court of Appeals has held that:

[w]here a contract is required by the Statute of Frauds to be in writing, a subsequent agreement which changes its terms must also be written and signed by the party to be charged to be enforceable. *Cox v. Venters*, 887 S.W.2d 563 (Ky. Ct. App. 1994). In this case, then, a modification of the Contract to extend it beyond April 16, 2003 would have to be in writing and signed by the Jensens in order to be enforceable against them. Regardless of what the verbal agreement between Mr. Greer and Mr. Jensen may have been, the lack of written evidence is fatal to the Greers' argument for a modification of the Contract.

The question remains, then, whether as a matter of law the conditions precedent to the Contract were or were not satisfied.[2] Section 17 of the Contract provides that the contract is "[c]ontingent upon buyers [sic] home selling within appropriate time to close on new home by April 16th." The evidence indicates that this provision was hand-written into the contract by the parties. The Jensens almost immediately listed their home for sale with a local realtor, and on February 20, 2003, accepted an offer from Patricia Williams to purchase their home. The Jensens' contract with Ms. Williams was itself contingent upon the ability of Ms. Williams to secure financing and was scheduled to close no later than May 31, 2003. It was after their notification to the Greers that the transaction with Ms. Williams would not close in time for the April 16, 2003 expiration of the Contract that the Greers sought an extension of that Contract. In fact, Ms. Williams did not secure financing for the purchase of the Jensens' house until May 21, and the closing on the sale of the Jensens' home occurred on May 28, 2003.

---

[2]Reference is made in the Jensen's Motion for Summary Judgment to other conditions precedent, but it appears that those were satisfied or would have been satisfied by the time of the closing, in line with the customary practice in such transactions.

The issue that arises out of these facts, then, is whether the Jensens acted in good faith when they negotiated their contract with Ms. Williams in such a way that it allowed her until after April 16 to obtain financing on her purchase of their home, knowing that this had at least the possibility of causing them to be unable to sell their home in time to purchase the Greers' home under the Contract.

It is well-established contract law that "a party to a contract cannot take advantage of his own act or omission to escape liability." *Cowden Mfg. Co., Inc. v. Systems Equipment Lessors, Inc.*, 608 S.W.2d 58, 61 (Ky. Ct. App. 1980) (citing 17A C.J.S. Contracts § 468, 640-41). Further, the court in that case noted that

> [w]here a contract is to be performed on the occurrence of a future event, there is an implied agreement that the promisor will place no obstacle in the way of the happening of such event; and if he is himself the cause of failure to perform the condition, he cannot rely on the condition to defeat his liability.

*Id.* (citing *Odem Realty Co. v. Dyer*, 242 Ky. 58, 45 S.W.2d 838, 840 (1932) and *Bryant v. Jones*, 255 Ky. 606, 75 S.W.2d 34, 38 (1934)). The Jensens do not present any justification for their decision to allow Ms. Williams until May 31 to obtain financing on the purchase of their home (they do not, for example, suggest that Ms. Williams refused to enter into the deal if an earlier deadline had been imposed[3]), nor do they give any reason why, once they had a contract on their home, they could not close on the Greers' home on April 16 as the parties had contemplated. They also did not present evidence that, knowing that Ms. Williams could not close on their home by April 16, they made any effort to sell their home to someone who *could*

---

[3]The affidavit of Ms. Williams states that she "could not" have purchased the Jensens' home on or before April 16, 2003, but the only reason given for that is that she did not want her children to miss school in California. It is not clear whether this factored into the Jensens' reasoning.

5

meet that date. Therefore, the Court finds that there is an issue of material fact which precludes summary judgment in this case; that is, whether the Jensens acted reasonably in light of their contractual obligation to the Greers when they signed the contract with Ms. Williams or failed to secure other purchasers.

### *Failure to Mitigate Damages*

The Jensens argue in the alternative that, even if they failed to fulfil their obligations under the contract, they are not liable to the Greers because the Greers failed reasonably to mitigate their damages. In Kentucky, "[i]t is the duty of an injured person to exercise ordinary care not to aggravate his injuries and damages." *Carney v. Scott*, 325 S.W.2d 343, 345 (Ky. 1959). Further, "the wrongdoer always has the burden of proving that some of the consequences of the injuries inflicted by him might have been avoided through proper efforts and the exercise of ordinary care by the injured person." *Id.* at 346. The Jensens argue that, because the Greers allegedly had an offer that met their asking price for their house after it became clear that the Jensens were not going to perform the Contract, their decision not to accept it in favor of a lower offer constituted a failure to mitigate.

Mr. Greer testified in his deposition that the reason the Greers did not accept the higher offer was because they were concerned about the creditworthiness of the higher offeror. Mr. Greer also noted that the higher offer was "for whatever [he] had [the house] listed for at the time." It is unclear from the deposition whether that number reflected the same price in the Contract or whether it was listed at a different price from what the Contract price would have been. Mr. Greer, who was at the time and had been for several years prior a licensed realtor, testified that he examined the credit rating of the bidder and determined that it was not very

6

good.  Since Mr. Greer is not an expert in credit assessment and has not given the Court information with which to independently assess the creditworthiness of the alleged purchaser (indeed, he cannot even remember the person's name), there appears to be a jury issue, at least at this time, as to whether the Greers did exercise ordinary care not to aggravate the injury caused by the Jensens' alleged breach of the Contract.

However, the Court may mitigate damages only "in proportion to the aggravation of injuries by the injured person's improper conduct."  *Id.* at 347 (citing *Billroy's Comedians v. Sweeny,* 238 Ky. 277, 37 S.W.2d 43. (Ky. Ct. App. 1931)).  Here, too, there is an issue of fact for a jury to decide: whether the Greers acted reasonably in accepting the lower offer on their home.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is **DENIED**. An appropriate order shall issue.